F. C. GOSSLING v. PETER V. BROACH.

The defendant, by pleading to the merits in the Marine Court, waives all defects and irregularities in the summons, although an objection may have been made thereto, prior to joining issue, and reserved to be passed upon at the time of trial.

Pleading to the merits waives all matter in abatement of the action.

APPEAL by plaintiff from a judgment of the Marine Court. The facts sufficiently appear in the opinion of the court.

*Frederick Rice*, for the appellant.

*J. Aitken*, for the respondent.

BRADY, J.—The summons in this case commanded the defendant to appear and answer F. C. Gossling & C. Boss, in a plea of value of personal property to their damage, $500. On the return day, the plaintiff, after amending, by striking out the name of Boss, to which no objection was made, complained that defendant owed her $42.40 for wrongfully taking some knitting yarn. The defendant objected to the complaint that the summons did not state the cause of action, and that the names of the plaintiffs were not stated in full, and then, without taking any decision upon his objection, answered by a general denial. The action was then adjourned and several adjournments were subsequently made. On the day of trial, the plaintiff called a witness to the stand, and then the defendant's counsel objected to any proceeding on the part of the defendant, until the justice heard and disposed of his application for judgment, by reason of the irregularities in the summons already mentioned. The justice sustained all the objections and gave judgment for the defendant.

This court has held, since the decision of *Lighter* v. *Haskins* (Nov. G. T. 1851), that pleading to the merits is a waiver of all defects to the form of the summons and all irregularities therein. *Andrews* v. *Thorp* (1 E. D. Smith, 615), and see *Monteith* v. *Cash*

id. 413), in which Judge Ingraham says, "We have heretofore held, that where a defendant pleads to the jurisdiction, that is a plea in abatement, and if he wants to have that question reviewed, he cannot plead to the merits."

I have considered the effect of not obtaining from the justice a decision before pleading to the merits, and have come to the conclusion that it was a waiver of the objection, and that the objection was made and allowed too late when presented again to the justice, and decided by him. Besides, there was no plea to the jurisdiction in this case. An objection was made which was not embodied in the answer, and issue having been joined by an answer to the merits, the court should not then have entertained the objection. The judgment is wrong, and must be set aside.

Judgment reversed.