CLINTON LE SAGE *and* AUGUSTUS L. LIVINGSTON *v.* THE GREAT WESTERN RAILWAY COMPANY, *and* THE DETROIT AND MILWAUKEE RAILROAD COMPANY.

The defendants, who are common carriers, running connecting lines of railway from Buffalo to Milwaukee, through their mutual agent in the city of New York took from the plaintiffs the receipt of the Hudson River Railroad Company, for certain goods marked, " Janesville, Wis., *via* M. D. R. R.," and gave therefor a bill of lading, whereby it was agreed that the defendants would transport said goods over their lines to Milwaukee. At Buffalo, the goods, instead of being delivered to, or received by the defendants, were delivered on board a propeller, to be carried thence by lake to Milwaukee. The propeller and her cargo were lost on her passage.

*Held,*—in an action against the defendants to recover damages for the loss, that as the receipt of the Hudson Railroad for the goods was given to the mutual agent of the defendants, and as the holder of that receipt was entitled to the custody of the goods upon their arrival at Buffalo, it was incumbent upon the defendants to explain how it was that the goods were forwarded from Buffalo by a different route than theirs, and that it occurred under circumstances exonerating them from responsibility.

By appearing and pleading to the merits, the defendants waive all objections to the form of the summons.

APPEAL by the defendants from a judgment of the Marine Court at General Term.

The action was brought to recover the value of five bales of cordage and rope, received by the defendants for shipment from New York to Milwaukee. The goods were delivered by the plaintiffs to the Hudson River Railroad Company at New York, and on presentation of the receipt of that Company at the office of one Beach, the joint agent of the defendants in New York, the agent gave a bill of lading as follows :

" NEW YORK, November 15, 1860.

"Received of S. & L. (Receipt of H. R. R.,) three bales " cordage, two ditto rope, which goods the Great Western, and "Detroit and Milwaukee Railways agree to transport over their "lines to Milwaukee, at the rates herewith mentioned," &c. &c.

Le Sage v. Great Western Railway Co.

In the margin of the bill of lading it was declared that "no liability is assumed for miscarriage or wrong delivery of goods that were not properly marked, and as directed by bills issued at this office."

The goods were marked, as stated by the Hudson River Railroad receipt, "E. S. Barrows, Janesville, Wis., *via* M. D. R. R." It was admitted on the trial that the goods were carried by the Hudson River Railroad to Albany, where they were delivered by that Company to the New York Central Railroad, and consigned by the latter Company, as per its way bill, to Buffalo. At Buffalo the goods were shipped on board of the propeller Dacotah for Milwaukee, by Lakes Erie and Michigan. The propeller and her cargo were lost on Lake Erie in a storm.

The defence was that by the defendant's rules and regulations, which they allege were known to the plaintiffs, all goods and property delivered or to be delivered to them, to be transmitted over their roads, should be distinctly marked " *via* G. W. & D. & M.," or " D. & M. all rail;" and if the plaintiff's goods had been so marked, they would have been delivered to the defendants at Suspension Bridge, and by them transported over their roads to Milwaukee.

At the trial, the plaintiff's agent who procured the bill of lading, testified that no questions were asked as to how the goods were marked, and nothing was said to him in reference thereto by the defendant's agent.

The jury rendered a verdict for the plaintiffs.

*Luther R. Marsh* for appellants.
*Baldwin & Furnham* for respondents.

BY THE COURT.—DALY, F. J.—By appearing and pleading to the merits, the defendants waived all objections to the form of the summons. (*Gosling* v. *Broach*, 1 Hilt., 49.)

The receipt or bill of lading is in the name of both of the defendants and is signed by Beach as their agent. Upon its face it is an acknowledgment of the receipt by them of the five bales, marked as in the margin of the bill, to be transported over their lines to Milwaukee. The clerk who obtained it declared that nothing was said to him as to the manner in which the goods were marked; that he presented the receipt of the

Hudson River Railroad Company at Beach's office, Beach not being there, and gave it to a young man who gave him the bill of lading; and that no questions were put to him as to how the goods were marked. Beach and the young man Haight testified to a very different state of facts which, if true, would have exempted the defendants from all responsibility for the loss of the goods. The jury, having found for the plaintiffs, they must have discredited the statements of Beach and Haight, and their finding upon such a point is conclusive.

The bales were not in the actual custody of either of the defendants at the time of their loss upon the propeller on Lake Erie. Their mutual agent received the receipt of the Hudson River Railroad Co. He or the holder of the receipt was alone entitled to receive them in Buffalo, and if they were sent on a different route from the road of either of the defendants, it was upon the defendants to show how that occurred, and that it was under circumstances that would relieve them from responsibility. Their mutual agent by taking the receipt and giving a bill of lading assumed the control and transportation of the property from Buffalo to Milwaukee. He engaged to transport it first by the Great Western and afterwards by the Detroit and Milwaukee road, as marked and directed, charging the full freight for its carriage by their connecting routes, and it is now well settled that an agent of a railroad corporation may bind his principal by such a contract, (*Hart* v. *The Rensselaer* and *Saratoga Railroad Co.*, 4 Seld., 37; *Quimby* v. *Vanderbilt*, 17 N. Y. 312; *Mallory* v. *Burnitt*, 1 E. D. Smith, 234.) I see nothing in the case to disturb the judgment.

Judgment affirmed.